UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DALLAS CHANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12CV00172 |
| | ) | |
| ORGILL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff has filed this personal injury lawsuit seeking damages sustained as a result of a motor vehicle accident that occurred on May 14, 2012.  This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties.  See 28 U.S.C. § 636(c).  This matter is before the court on defendant's motion to dismiss Count III pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 11).  Plaintiff has filed a Response (Doc. No. 13), and defendant has filed a Reply (Doc. No. 14).

## Background

In Count I of his Complaint, plaintiff asserts a negligence claim against defendant. Plaintiff states that he was driving a backhoe westbound on Highway 80 near East Prairie, Missouri, and defendant's truck driven by Michael Cox, was traveling westbound on Highway 80 behind plaintiff's backhoe.  Plaintiff claims that, as he began to turn left on to CRD 536, Mr. Cox collided with the rear of the backhoe.  Plaintiff alleges that Mr. Cox pulled in to the left side of Highway 80 to pass the line of cars and the backhoe driven by plaintiff.  Plaintiff claims that defendant was negligent in causing the accident.

In Count II of the Complaint, plaintiff asserts a claim for negligence per se.  Plaintiff alleges that Mr. Cox violated Missouri Revised Statute 304.016.4(2) in driving on the left hand side of the road within one hundred feet of the intersection of Highway 80 and CRD 536.

In Count III, plaintiff seeks recovery of punitive damages.  Plaintiff incorporates the first twenty-six paragraphs of his Complaint.  Plaintiff alleges that the actions of defendant "were willful or wanton to the plaintiff or showed a conscious disregard to the rights of others and the Defendant should be punished for his conduct."  (Doc. No. 1, p. 4, ¶ 2).

## Discussion

### I. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff need not provide specific facts in support of her allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008) (citing Twombly, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."  Id. at 562 (quoted case omitted; emphasis in original).  This standard "simply calls for enough fact

to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. Iqbal, 129 S. Ct. at 1949-50 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. Id. at 1950. The plausibility of the plaintiff's claim is reviewed "as a whole, not the plausibility of each individual allegation." Zoltek Corp. v. Structural Polymer Grp., 592 F.3d 893, 896 n.4 (8th Cir. 2010).

**II.     Defendant's Motion**

Defendant contends that plaintiff has failed to plead enough facts to state a claim for punitive damages which is plausible on its face. Defendant contends that, at the time of the alleged negligent act, there was nothing to suggest that defendant's driver, Mr. Cox, acted with evil motive or reckless indifference.

Plaintiff contends that he has pled sufficient facts to state a claim for punitive damages. Specifically, plaintiff notes he states in his Complaint that defendant violated the law by improperly passing at an intersection and improperly passed a line of vehicles at a high rate of speed.

3

Under Missouri law, punitive damages are awarded in a negligence case only if, at the time of the alleged negligent act, the defendant "knew or had reason to know that there was a high probability that the action would result in injury." Alack v. Vic Tanney Int'l of Missouri, 923 S.W.2d 330, 338 (Mo. 1996) (quoting Hoover's Dairy, Inv. v. Mid-America Dairymen, Inc., 700 S.W.2d 426, 436 (Mo. 1985)). See also Coon v. American Compressed Steel, Inc., 207 S.W.3d 629, 637 (Mo. Ct. App. 2006). "The defendant's conduct must be tantamount to intentional wrongdoing where the natural and probable consequence of the conduct is injury. With such a showing, a plaintiff can recover for aggravating circumstances based upon the defendant's complete indifference to or conscious disregard for the safety of others." Lopez v. Three Rivers Electric Cooperative, Inc., 26 S.W.3d 151, 160 (Mo. 2000) (internal citations omitted). "This does not mean that plaintiff must always prove conduct that is different from and in addition to the conduct that proves the negligence in order to make a submissible case for punitive damages. Instead, a plaintiff may meet this burden by presenting evidence of defendant's culpable mental state." Smith v. Brown & Williamson Tobacco Corp., 275 S.W.3d 748, 813 (Mo. Ct. App. 2008).

In the present case, plaintiff has pleaded sufficient facts to support a claim for punitive damages. Plaintiff contends that defendant's driver violated Missouri Revised Statute § 304.016.4(2), entitled "Passing regulations--violations, penalties," by passing a line of cars within one hundred feet of an intersection. Plaintiff further argues that defendant was driving at a high rate of speed. Plaintiff's allegations are sufficient to demonstrate that defendant's driver knew or should have known that there was a high probability that his action would result in injury. See Coon, 207 S.W.2d at 639 (noting the relevance of defendant's knowing violation of statute, regulation, or industry standard in determining whether punitive damages are appropriate).

4

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count III (Doc. No. 11) be and it is **denied**.

Dated this  8th  day of July, 2013.

_Lewis M. Blanton_
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE

5